OPINION

FEIKENS, District Judge.
The plaintiff, Kimberly Ann Tomlinson, suffers from paranoia and schizophrenia and is taking medication to control the effects of her condition. She receives Social Security Disability and Supplemental Security Income because of her disability and is also entitled to state-sponsored medical assistance and Medicaid. In March of 1995, the Social Security Administration (SSA) placed her eligibility in suspension because of an uncertainty regarding her true address, and thus for a short period she did not receive her benefits and was unable to otherwise afford her medicine. Her condition worsened, and she engaged in various self-destructive acts. After receiving medical treatment, she informed *572 the SSA of her current address, and her benefits were immediately restored.
One year later, in March of 1996, plaintiff filed a thirteen-count complaint in this court against various federal and state defendants citing 42 U.S.C. § 1983 and alleging violations of the Fifth and Fourteenth Amendments, the Americans With Disabilities Act, and the Federal Rehabilitation Act, and other claims. The federal defendants moved to dismiss the complaint for lack of subject matter jurisdiction in June of 1996, and the state defendants filed a similar motion in July. Because plaintiff is unable to assert grounds for this court’s jurisdiction, the defendants’ motions are granted as to all federal claims.
The Social Security Act (the Act) provides a detailed and complete procedure for review of SSA determinations affecting eligibility and payment of benefits. 42 U.S.C. § 405(g). The Supreme Court has held that remedies for violations of the Social Security Act are provided by the elaborate scheme devised by Congress in the Act. Schweiker v. Chilicky, 487 U.S. 412, 414, 108 S.Ct. 2460, 2463, 101 L.Ed.2d 370 (1988). Plaintiff seeks to circumvent the Act and the Supreme Court mandate by alleging that the lapse in her benefits was not a determination made by defendants but a mistake made without notice to plaintiff. Plaintiff relies on Wood v. Tompkins, 33 F.3d 600 (6th Cir.1994), for her proposition that a § 1983 action lies for such claims under the Social Security Act. While the court in that case did say that § 1983 should be broadly construed, it also reiterated the Supreme Court’s directive that a § 1983 action would not lie if “a comprehensive enforcement mechanism for protection of a federal right” provided in the statute would make a § 1983 action “inconsistent with Congress’ carefully tailored scheme.” Wood at 605, quoting Golden State Transit Corp. v. City of Los Angeles, 493 U.S. 103, 106-107, 110 S.Ct. 444, -, 107 L.Ed.2d 420 (1989). I conclude that Congress intended to cover claims such as those raised in this case by the remedial provisions of the Social Security Act. I note that plaintiffs benefits have been fully restored and that plaintiff, having failed to exhaust her administrative relief procedures (assuming she is entitled to further relief), is therefore precluded from the relief being sought in this court.
With no independent basis for subject matter jurisdiction in this court, the state and federal defendants’ motions to dismiss the complaint are granted. Having no federal jurisdiction, I cannot entertain plaintiffs state claims against state defendants, but I do note that she has an action pending in the state court of claims.
IT IS SO ORDERED.